IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOSHUA D. STRICKLIN                                            PLAINTIFF

v.                     Case No. 3:11-cv-00246-KGB

DOLGENCORP LLC                                          DEFENDANT

**ORDER**

Before the Court is defendant Dolgencorp LLC's motion for costs (Dkt. No. 45). On March 5, 2013, plaintiff Joshua D. Stricklin responded by filing an objection to the motion for costs (Dkt. No. 46). In that same pleading, Mr. Stricklin incorporated a motion to alter or amend this Court's final judgment under Rule 59 of the Federal Rules of Civil Procedure (Dkt. No. 46). Dolgencorp has responded to the motion to alter or amend the judgment (Dkt. No. 52). On March 13, 2013, Mr. Stricklin filed a notice of appeal, which indicated that he was "appeal[ing] the grant of Summary Judgment to the 8th Circuit Court of Appeals" (Dkt. No. 48).

First, Mr. Stricklin's motion to alter or amend the Court's judgment under Rule 59 of the Federal Rules of Civil Procedure is denied. The general rule is that "[a] notice of appeal divests the district court of jurisdiction of those aspects of the case involved in the appeal." *Harmon v. Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir. 1996). However, an exception to this general rule applies if certain motions are pending at the time the notice of appeal is filed, including a Rule 59 motion. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion
>
> * * *

>   (iv) to alter or amend a judgment under Rule 59;
>
>   \* \* \*
>
>   (B)(i) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Accordingly, this Court has jurisdiction to consider Mr. Stricklin's Rule 59(e) motion to alter or amend the judgment.

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure. *Trickey v. Kaman Indus. Technologies Corp.*, 705 F.3d 788, 807 (8th Cir. 2013). Such motions "serve the limited function of correcting manifest errors of law or fact." *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (internal quotation omitted).

Here, Mr. Stricklin's sole argument for altering or amending the judgment is that "[a] view of the record indicates that the court failed to properly credit Plaintiff's evidence that he could perform the essential functions of the job, instead holding plaintiff to an ex parte communication from his physician that he knew nothing about" (Dkt. No. 46, at 2-3). The Court discussed these issues in detail in its Opinion and Order on the motion for summary judgment (Dkt. No. 43, at 16-17). As Dolgencorp argues, Mr. Stricklin's disagreement with the Court's summary judgment ruling does not support altering or amending the judgment under Rule 59. As one federal court concluded, "[a] rule 59(e) motion is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *In re Carmichael*, 448 B.R. 690, 692 (Bankr. E.D. Pa. 2011). The Court concludes that no manifest error of law or fact requires the Court to

alter or amend its judgment. Accordingly, Mr. Stricklin's Rule 59 motion is denied (Dkt. No. 46).

Second, Dolgencorp's motion for costs is denied (Dkt. No. 45). Dolgencorp seeks costs in the amount of $2,721.26. Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." "A prevailing party is presumptively entitled to recover all of its costs." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). The losing party bears the burden of making a showing that an award is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (2002). Despite the prevailing party's presumptive entitlement to costs, the district court has substantial discretion in awarding costs to the prevailing party. *Greaser v. State of Mo. Dep't of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). The Eighth Circuit has stated that "[i]t is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason . . . ." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982).

In this case, Mr. Stricklin was granted *in forma pauperis* status (Dkt. No. 5). In response to Dolgencorp's motion for costs, Mr. Stricklin states that he is "indigent with no prospects in the future" (Dkt. No. 46). For these reasons, the Court concludes that "[a]n award of costs at or near the amount sought by [defendant] would be punitive. Awarding such costs would have a chilling effect on persons who might seek to enforce their rights" under antidiscrimination laws. *Roeben v. BG Excelsior Ltd. P'ship*, No. 4:06CV01643JLH, 2008 WL 340486 (E.D. Ark. Feb. 5, 2008).

In *Roeben*, the defendant sought $6,555.78 in costs after the court granted summary judgment on the plaintiff's age-discrimination claim and declined to exercise supplemental

jurisdiction over the plaintiff's state-law claims. *Id.* The court in *Roeben* declined to award costs in any amount, finding that an award of costs would be inequitable. *Id.* The court also noted that awarding costs would be premature given that "significant claims under state law remain to be litigated in state court." *Id.*

Here, as in *Roeben*, assessing costs against Mr. Stricklin would be punitive and could have a chilling effect on persons who seek to enforce their rights under antidiscrimination laws. The Court finds that, under the circumstances, it would be inequitable to award costs. For these reasons, Dolgencorp's motion for costs is denied (Dkt. No. 45).

SO ORDERED this the 14th day of May, 2013.

Kristine G. Baker
United States District Judge